**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AIMEE D. STREETER,**

**Petitioner,**

**v.** **Case No. 8:22-cv-526-TPB-AEP**

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

**Respondent.**
______________________________________/

**ORDER GRANTING MOTION TO DISMISS PETITION**

Aimee D. Streeter, a Florida prisoner, filed a *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 6). Respondent moved to dismiss the amended petition as time barred, (Doc. 12), and Streeter filed a reply opposing dismissal, (Doc. 16). For the reasons that follow, the Court **GRANTS** the motion to dismiss.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-

conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

On April 2, 2015, Streeter pled *nolo contendere* to armed burglary, attempted first-degree murder, and possession of a firearm by a felon. (Doc. 12-2, Ex. 3). The same day, she was sentenced to thirty years in prison. (*Id.*, Ex. 5). Because she did not appeal, her convictions became final on May 4, 2015, when the time to file a direct appeal expired. *See Bailey v. Sec'y, Fla. Dep't of Corr.*, No. 3:20-cv-1463-TJC-LLL, 2024 WL 964197, at *3 (M.D. Fla. Mar. 6, 2024) ("Because Petitioner did not appeal the [ ] judgment and sentence, his conviction became final when the time to file a direct appeal in the state court expired: thirty days after entry of the judgment. . . ."). The AEDPA limitation period began to run the next day—May 5, 2015.

After 10 days of untolled time, on May 15, 2015, Streeter filed a motion to reduce sentence under Florida Rule of Criminal Procedure 3.800(c). (Doc. 12-2, Ex. 6). That motion stopped the AEDPA clock. *See Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1278-79 (11th Cir. 2017) (holding that a "motion under Rule 3.800(c) . . . tolls the limitations period for a federal habeas petition"). The postconviction court denied the Rule 3.800(c) motion on June 2, 2015. (Doc. 12-2, Ex. 7). "Because the denial of this motion was not appealable, [the] AEDPA limitation period began running again the next day"—June 3, 2015. *Hymes v. Sec'y, Dep't of Corr.*, No. 8:22-cv-2922-KKM-

UAM, 2023 WL 7299890, at *2 (M.D. Fla. Nov. 6, 2023); *see also Spaulding v. State*, 93 So. 3d 473, 474 (Fla. 2d DCA 2012) ("It is well established that an order denying a motion under [R]ule 3.800(c) is not appealable.").

The limitation period ran for another 69 days until August 11, 2015, when Streeter filed a letter to the judge. (Doc. 12-2, Ex. 8). Ten days later, the postconviction court construed the letter as either (1) a motion to withdraw plea under Florida Rule of Criminal Procedure 3.170(l), or (2) a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Ex. 9). To the extent Streeter sought to withdraw her plea, the court denied the request as untimely. (*Id.*) To the extent Streeter sought postconviction relief under Rule 3.850, the court struck the motion "without prejudice . . . to re-fil[ing] a timely and facially sufficient motion in compliance with the requirements of Rule 3.850." (*Id.*)

Nine months later, on June 1, 2016, Streeter filed a Rule 3.850 motion. (*Id.*, Ex. 10). The Rule 3.850 proceedings remained pending until April 27, 2021, when the mandate issued in the appeal from the denial of postconviction relief. (*Id.*, Ex. 26; *see also Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding that a Rule 3.850 motion remains pending until the mandate issues)).

Streeter contends that the AEDPA clock was paused from August 11, 2015 (when she filed her letter to the judge) to April 27, 2021 (when the

mandate issued in her Rule 3.850 appeal). (Doc. 16 at 1-2). Respondent disagrees.[1] (Doc. 12 at 5-6). The Court will assume, in Streeter's favor, that the limitation period was tolled from August 11, 2015, to April 27, 2021. With that generous assumption, the clock resumed on April 28, 2021. Streeter then had 286 days—or until February 8, 2022—to file her federal habeas petition. She missed the deadline by almost three weeks, filing her original petition on February 28, 2022.[2] (Doc. 1 at 1). Therefore, this action is untimely.

Streeter seeks to avoid dismissal on the ground that she is entitled to equitable tolling. (Doc. 6 at 27). She claims that, from April 2021 to September 2021, her prison experienced "rolling quarantines" and lockdowns due to COVID-19. (*Id.*) As a result, her access to the law library and "prison law clerks" was limited. (*Id.*; *see also* Doc. 16 at 2).

---

[1] According to Respondent, the AEDPA clock resumed on September 25, 2015—the day after the deadline to appeal the denial of Streeter's letter motion—and ran uninterrupted until Streeter filed her Rule 3.850 motion on June 1, 2016. (Doc. 12 at 6). Streeter contends, by contrast, that her Rule 3.850 motion related back to her letter motion, and that therefore the clock stopped for the entire period between August 11, 2015, and April 27, 2021. (Doc. 16 at 1-2). Streeter's position rests on Eleventh Circuit caselaw holding that a procedurally compliant postconviction motion "relates back to the date of filing of a noncompliant motion, such that the compliant motion was 'properly filed' and 'pending' as of that date for purposes of tolling the limitations period in [§] 2244." *Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1328 (11th Cir. 2020). The Court need not resolve this dispute because, even giving Streeter the benefit of the statutory tolling she seeks, her petition is still untimely.

[2] Streeter subsequently filed an amended § 2254 petition on September 13, 2022. (Doc. 6 at 28). For purposes of this Order, the Court assumes that the amended petition relates back to the filing date of the original petition. *See* Fed. R. Civ. P. 15(c)(1); *Haecker v. Sec'y, Dep't of Corr.*, No. 5:17-cv-89-WFJ-PRL, 2019 WL 1763221, at *4 (M.D. Fla. Apr. 22, 2019) (assuming, for purposes of deciding timeliness under AEDPA, that "the amended petition relates back to the original petition").

These allegations are insufficient to warrant equitable tolling. To establish that equitable tolling applies, a petitioner must show "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Moreover, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. "As an extraordinary remedy, equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).

Streeter alleges that, because of COVID-related restrictions at her facility, she had difficulty accessing the law library and communicating with prison law clerks. (Doc. 16 at 2). Lack of access to a prison law library is not, however, an extraordinary circumstance warranting equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."); *Moseley v. Butler*, No. 1:22-cv-157-KD-N, 2022 WL 18584503, at *4 (S.D. Ala.

Dec. 13, 2022) ("[I]t is well-settled in this Circuit that lack of access to, or inadequacy of, a prison law library is not sufficient on its own to establish the extraordinary circumstances warranting equitable tolling." (collecting cases)), *adopted by* 2023 WL 1481456 (S.D. Ala. Feb. 2, 2023). Indeed, "the shutdown of [a] law library . . . during the COVID-19 pandemic [does] not" qualify as an "extraordinary circumstance[ ] warranting equitable tolling." *Driver v. Sec'y, Dep't of Corr.*, No. 23-11689, 2024 WL 2239126, at *1 (11th Cir. Mar. 1, 2024); *see also Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) ("[L]ockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.").

Likewise, "lack of inmate law clerk help" is not "an extraordinary circumstance justifying equitable tolling." *Lambert v. Sec'y, Dep't of Corr.*, No. 5:16-cv-00579-WFJ-PRL, 2019 WL 1490401, at *5 (M.D. Fla. Apr. 4, 2019); *see also Gonzalez v. Sec'y, Fla. Dep't of Corr.*, No. 3:15-cv-1049-TJC-JBT, 2018 WL 2100043, at *3 (M.D. Fla. May 7, 2018) (holding that inability to obtain "assistance from inmate law clerks" is "insufficient to warrant the extraordinary remedy of equitable tolling"). Therefore, Streeter fails to establish that "'some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).

Accordingly, it is **ORDERED** that:

1. Respondent's motion to dismiss the amended petition as time barred (Doc. 12) is **GRANTED**.
2. The amended petition (Doc. 6) is **DISMISSED as time barred**.
3. The Clerk is **DIRECTED** to enter judgment against Streeter and to **CLOSE** this case.
4. Because Streeter neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that she seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE and ORDERED** in Tampa, Florida, this 28th day of August, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**